DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| **FRED TOBY WEISS and THERESA WEISS,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | Civil Action No. 2014-0046 |
| **MACCAFERRI, INC.,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

**Attorneys:**
**Kevin A. Rames, Esq.,**
St. Croix, U.S.V.I.
    *For the Plaintiffs*

**A. Jeffrey Weiss, Esq.,**
St. Thomas, U.S.V.I.
**Bernard C. Pattie, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, Chief Judge**

THIS MATTER is before the Court on Defendant MacCaferri, Inc.'s "Objection to the Magistrate's Order Dated April 17, 2015" (Dkt. No. 77) and its "Objection to the Magistrate's April 20, 2015 Order" (Dkt. No. 80). For the reasons discussed below, the Court will overrule Defendant's objections and affirm the Magistrate Judge's Orders (Dkt. Nos. 71, 72).

### I.  APPLICABLE LAW

A party may challenge a magistrate judge's non-dispositive order—such as those at issue here—by timely filing objections to a district judge. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ.

1

P. 72(a); LRCiv 72.2. "The district judge in the case must . . . modify or set aside any part of the order that is 'clearly erroneous or is contrary to law.'" *McCann v. Kennedy Univ. Hosp., Inc.*, 596 F. App'x 140, 146 (3d Cir. 2014) (quoting Fed. R. Civ. P. 72(a)); *see Clarke v. Marriot Int'l, Inc.*, 2010 WL 1657340, at *2 (D.V.I. Apr. 23, 2010) ("'[T]he proper standard of review for discovery orders is the clearly erroneous or contrary to law standard.'") (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 92 (3d Cir. 1992)).

Under the clearly erroneous standard, "a reviewing court can upset a [magistrate's] finding of fact[,] . . . but only if the court has the definite and firm conviction that a mistake has been committed." *Haines*, 975 F.2d at 92. This means that "'[i]t is the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Williams v. Cost-U-Less, Inc.*, 2014 WL 2993667, at *3 (D.V.I. July 3, 2014) (quoting *United States v. O'Malley*, 495 F. App'x 239, 242 (3d Cir. 2012)). "[A] Magistrate Judge's ruling is contrary to law if the Magistrate Judge misinterpreted or misapplied the applicable law." *Kendricks v. Hertz Corp.*, 2008 WL 3914135, at *2 (D.V.I. Aug. 18, 2008) (internal quotation and citation omitted). "The party who filed the appeal bears the burden of establishing that the magistrate judge's decision is clearly erroneous or contrary to law." *Control Screening, LLC v. Integrated Trade Sys., Inc.*, 2011 WL 3417147, at *6 (D.N.J. Aug. 3, 2011).

A party moving for an extension of time to meet a discovery obligation before the applicable deadline has the burden of showing "good cause" justifying the extension. *Unlimited Hldgs., Inc. v. Bertram Yacht*, 50 V.I. 727, 2008 WL 4642191, at *6 (D.V.I. Oct. 15, 2008). The

"good cause" inquiry "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010).

A party seeking an extension of time after the applicable deadline has expired must demonstrate that it failed to act earlier because of "excusable neglect." *Drippe v. Tobelinski*, 604 F.3d 778, 784 (3d Cir. 2010). The test for "excusable neglect" is equitable, and requires a court to weigh the "totality of the circumstances" surrounding the party's delay. *Welch & Forbes, Inc. v. Cedant Corp.*, 234 F.3d 166, 161 (3d Cir. 2000). In *Pioneer Investment Services Co. v. Brunswick Associate*s, 507 U.S. 380 (1993), the Supreme Court announced that the factors to consider when evaluating "excusable neglect" ("*Pioneer* factors") should include: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See id.* at 385.

"Control of discovery is committed to the discretion of the trial court." *McMullen v. Bay Ship Management*, 335 F.3d 215, 217 (3d Cir. 2003). When ruling on non-dispositive pretrial matters, such as discovery, the "Magistrate Judge's decisions are accorded wide discretion." *Benjamin v. Esso Standard Oil Co.*, 2009 WL 2601439, at *2 (D.V.I. Aug. 18, 2009) (citing *National Labor Relations Bd. v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992)). Thus, a party seeking to overturn a magistrate judge's ruling on a discovery issue "bears a heavy burden." *Jiminez v. Pepsico Foods Caribbean, Inc.*, 2011 WL 4738113, at *2 (D.V.I. Oct. 6, 2011) (quotation and citation omitted).

## II. DISCUSSION

### A. Magistrate Judge's April 17, 2015 Order

Defendant first objects to the April 17, 2015 Order of the Magistrate Judge (Dkt. No. 71) denying Defendant's March 17, 2015 Motion for Reconsideration (Dkt. No. 46) of the Magistrate Judge's March 9, 2015 Order (Dkt. No. 39), which granted Plaintiffs' February 23, 2015 "Motion for Further Extension of Time *Nunc Pro Tunc* to File Responses and Objections to Interrogatories and Demands for Production of Documents" (Dkt. No. 38). (Dkt. No. 77). In their February 23, 2015 Motion, Plaintiffs sought: (1) to extend, *nunc pro tunc*, the deadlines for Plaintiffs' Responses and Objections to the Interrogatories until their actual service date of January 29 and 30, 2015;[1] and (2) to extend the deadline for their Responses and Objections to Defendant's Demands for Production of Documents until March 16, 2015. (Dkt. No. 38). By Order entered on March 9, 2015, the Magistrate Judge granted Plaintiffs' Motion and allowed Plaintiffs until March 16, 2015 to submit any further responses and objections to Defendant's Interrogatories and to produce the requested documents to Defendant. (Dkt. No. 39 at 2).[2]

Defendant argues that the Magistrate Judge applied the wrong legal standard when deciding Plaintiffs' February 23, 2015 Motion because the Magistrate's Order did not include a discussion of the *Pioneer* factors or a specific finding of excusable neglect. (Dkt. No. 77 at 16-17). The Court disagrees. The Magistrate Judge's reasons for granting Plaintiffs' Motion align with the four *Pioneer* factors relevant to a court's "excusable neglect" analysis.

---

[1] On January 29, 2015, Plaintiff Toby Weiss served his "Responses and Objections [and] Answers to Defendant's First Set of Interrogatories" upon Defendant. (Dkt. No. 29). According to a Notice filed on April 13, 2015, Plaintiff Theresa Weiss served her Responses and Objections to Defendant's First Set of Interrogatories upon Defendant on January 31, 2015. (Dkt. No. 69).

[2] In accordance with the Magistrate Judge's Order, Plaintiffs filed supplemental interrogatory objections and responses, and responses to Defendant's Request for Production of Documents on the March 16, 2015 deadline. (Dkt. Nos. 42, 43, 44).

In its April 17, 2015 Order on Defendant's Motion for Reconsideration, the Magistrate Judge explained that it granted Plaintiff's February 23, 2015 Motion after weighing: (1) "the fact that [Plaintiffs'] delay was, at most, four days"; (2) "that Defendant had yet to serve its discovery responses and, in fact, had filed motions for extensions and thus, would not be unduly prejudiced by the brief extension"; (3) the reasons given by Plaintiffs for the requested extension; and (4) the good faith of Plaintiffs. (Dkt. No. 71). Although the Magistrate Judge did not explicitly name the *Pioneer* factors, it is evident that the Magistrate considered all four, which, as previously noted are: (1) the length of delay; (2) the danger of prejudice to the opposing party; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer Investment Services Co.*, 507 U.S. at 385. Therefore, the Court finds that the Magistrate Judge did not misinterpret or misapply the relevant law, or apply the wrong legal standard, so as to render its Order "contrary to law."

As to Defendant's remaining objections—including that, as a factual matter, Plaintiffs failed to establish excusable neglect—the record before the Court includes: Plaintiffs' Motion for Extension of Time *Nunc Pro Tunc* (Dkt. No. 38); the Court's Order granting Plaintiffs' Motion (Dkt. No. 39); Defendant's Motion for Reconsideration (Dkt. No. 46), Plaintiffs' Opposition in response (Dkt. No. 49), and Defendant's Reply thereto (Dkt. No. 63); the Court's April 17, 2015 Order denying Defendant's Motion for Reconsideration (Dkt. No. 71); Defendant's Objections to the Court's Order (Dkt. No. 77), Plaintiffs' Opposition in response (Dkt. No. 78), and Defendant's Reply thereto (Dkt. No. 102); as well as the entire record herein.

The record indicates, *inter alia*, that: Plaintiffs' present counsel first entered an appearance on January 15, 2015 (*see* Dkt. No. 22)—and was therefore relatively new to the case at the time that Plaintiffs' February 23, 2015 Motion was filed; Plaintiffs' responses to

Defendant's interrogatories were filed on January 29 and 31, 2015—at most four days after the January 27, 2015 deadline—which the Court does not consider to be a significant or prejudicial delay; and two days before Plaintiff's Motion, Defendant had requested a 21-day extension of time until March 16, 2015 to respond to Plaintiffs' discovery requests (Dkt. No. 36)[3]—which indicates that Defendant would not be prejudiced by a delay in receiving Plaintiffs' responses and which favors an equitable extension of time to Plaintiffs until March 16, 2015 to respond to Defendant's document request.

The Court considers the Magistrate Judge's April 17, 2015 Order, cognizant of the fact that the test for "excusable neglect" is an equitable, totality-of-the-circumstances inquiry, and that the Magistrate Judge is accorded wide discretion when ruling on discovery matters. Based on the factual record and the applicable legal standard, the Court does not have a "definite and firm conviction that a mistake has been committed." *Haines*, 975 F.2d at 92. Therefore, the Court concludes that the Magistrate Judge's April 17, 2015 Order was not "clearly erroneous." *See id.*

In view of the foregoing, the Court will overrule Defendant's objections (Dkt. No. 77) and affirm the Magistrate Judge's April 17, 2015 Order (Dkt. No. 71).[4]

### B.   Magistrate Judge's April 20, 2015 Order

Defendant objects to the portion of the Magistrate Judge's April 20, 2015 Order (Dkt. No. 72) which denied Defendant's March 30, 2015 "Motion to Extend Defendant's Time to Submit Responses to Plaintiffs['] Requests for Production" (Dkt. No. 59) and its April 13, 2015 "Motion for Further Extension of Time to Submit Responses to Plaintiffs' Requests for

---

[3] Defendant's Motion for an extension of time was granted by the Magistrate Judge on March 9, 2015—the same day on which Plaintiffs' Motion was granted. (Dkt. No. 39).

[4] In its Objection, Defendant requests an award of attorney's fees incurred in seeking reconsideration of the Magistrate Judge's March 9, 2015 Order. (Dkt. No. 77 at 22). In view of the Court's rulings on Defendant's objections, the Court will deny Defendant's request.

Production" (Dkt. No. 68). (Dkt. No. 80). In its April 20, 2015 Order, the Magistrate Judge granted Defendant's March 16, 2015 Motion for Extension of Time to produce documents requested by Plaintiffs (Dkt. No. 45), thereby allowing until March 30, 2015 to respond. However, the Court found that the reasons given by Defendant in its March 30, 2015 Motion to Extend Defendant's Time (Dkt. No. 59) and its April 13, 2015 Motion for Further Extension of Time (Dkt. No. 68)—which included a medical emergency suffered by an employee of defense counsel on March 24, 2015—were insufficient to establish good cause for the additional extensions beyond March 30. (Dkt. No. 72). The Magistrate Judge concluded that, "had Defendant exercised more diligence, the extended deadline of March 30, 2015, would have been adequate time to submit the requested documents," and therefore denied Defendant's March 30, 2015 and April 13, 2015 Motions. (*Id.*).[5]

Defendant objects on the grounds that the Magistrate Judge misapplied the "good cause" standard and acted arbitrarily. (Dkt. No. 80 at 8-9). The Court disagrees. In its April 20, 2015 Order, the Magistrate Judge properly applied the legal standard of "good cause" by assessing Defendant's requests for extensions of time in terms of Defendant's due diligence. (*See* Dkt. No.

---

[5] By way of background, Plaintiffs served Defendant with a First Set of Interrogatories and Request for Production of Documents on December 23, 2014. (Dkt. No. 19). By Order dated March 9, 2015, the Magistrate Judge granted Defendant's "Motion to Extend Defendant's Time to Respond to Plaintiffs['] Interrogatories and Requests for Production" (Dkt. No. 36), and extended Defendant's deadline to respond to Plaintiffs' Interrogatories and to produce the requested documents to March 16, 2015. (Dkt. No. 39). On March 16, 2015, Defendant filed a "Motion to Extend Defendant's Time to Provide Responses to Plaintiffs['] Interrogatories and Requests for Production," requesting an extension of an additional fourteen days to March 30, 2015. (Dkt. No. 45). Defendant filed its response to Plaintiffs' Interrogatories on March 31, 2015. (Dkt. No. 62). However, on March 30, 2015, Defendant filed a "Motion to Extend Defendant's Time to Submit Responses to Plaintiffs['] Requests for Production" and sought an additional fourteen-day extension to April 13, 2015. (Dkt. No. 59). On April 13, 2015, Defendant filed a "Motion for Further Extension of Time to Submit Responses to Plaintiffs' Requests for Production" and requested an additional twenty-one-day extension to May 4, 2015. (Dkt. No. 68). The Court granted Defendant's March 16, 2015 Motion and denied Defendant's March 30, 2015 and April 13, 2015 Motion in its April 20, 2015 Order. (Dkt. No. 72).

72 at 3-4); *see also Race Tires Am., Inc.*, 614 F.3d at 84. Therefore, the Court finds that the Magistrate Judge did not misinterpret or misapply the relevant law, or apply the wrong legal standard, so as to render its Order "contrary to law."

Regarding Defendant's objection to the Magistrate Judge's conclusion that, as a factual matter, Defendant had failed to establish good cause, the record before the Court includes: Defendant's Motions for Extensions of Time (Dkt. Nos. 59, 68); Plaintiffs' Opposition thereto (Dkt. No. 70); Defendant's Notice of Objection (Dkt. No. 80), Plaintiffs' Opposition in response (Dkt. No. 84), and Defendant's Reply thereto (Dkt. No. 106); as well as the entire record herein. Based on this record—including Defendant's multiple extensions of time and the more than three months that Defendant was afforded to respond to the discovery at issue—the Court is not left with "the definite and firm conviction that a mistake has been committed." *Haines*, 975 F.2d at 92.[6] Therefore, the Court concludes that the Magistrate Judge's Order was not clearly erroneous. *See id.* Accordingly, the Court will overrule Defendant's objections (Dkt. No. 80), and affirm the Magistrate Judge's April 20, 2015 Order (Dkt. No. 72).

## ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant's "Objection to the Magistrate's Order Dated April 17, 2015" (Dkt. No. 77) is **OVERRULED**; and it is further

---

[6] As to Defendant's objection that the Magistrate Judge granted two of Defendant's requests for extensions and denied two others (*see* Dkt. No. 80 at 8-9), the Court notes that, "'[w]ithin a specific case, what constitutes good cause . . . changes as the litigation progresses.'" *Unlimited Hldgs, Inc.*, 2008 WL 4642191, at *6 (quoting *In re Tutu Water Wells Contamination Litigation*, 1995 WL 841940, at *1 (D.V.I. Nov. 22, 1995)); *see Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 351 (3d Cir. 2011) ("Of course, a proffered reason or 'cause' that may be legally sufficient in one context may not be so in another.").

**ORDERED** that the Magistrate Judge's April 17, 2015 Order (Dkt. No. 71) is **AFFIRMED**; and it is further

**ORDERED** that Defendant's request for attorney's fees incurred in seeking reconsideration of the Magistrate Judge's March 9, 2015 Order is **DENIED**; and it is further

**ORDERED** that Defendant's "Objection to the Magistrate's April 20, 2015 Order" (Dkt. No. 80) is **OVERRULED**; and it is further

**ORDERED** that the Magistrate Judge's April 20, 2015 Order (Dkt. No. 72) is **AFFIRMED**.

**SO ORDERED**.

Date:   September 2, 2015                   _____/s/_____
                                            WILMA A. LEWIS
                                            Chief Judge