NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF THE VIRGIN ISLANDS
# ST. CROIX DIVISION

FRED TOBY WEISS and THERESA WEISS,

    Plaintiffs,

v.

MACCAFERRI, INC.,

    Defendant.

Civ. No. 14-46

OPINION

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter is before the Court upon a Motion to Dismiss from Defendant Maccaferri, Inc. ("Defendant"). (ECF No. 53). Plaintiffs Fred Toby Weiss and Theresa Weiss ("Plaintiffs") oppose this Motion. (ECF No. 73). The Court has decided the Motion based on oral argument before the Court and the written submissions of the parties. For the reasons discussed below, Defendant's Motion will be granted in part and denied in part.

## BACKGROUND

Plaintiffs are a married couple who purchased environmental protection products from Defendant. Their allegations are as follows: Plaintiffs own oceanfront property on St. Croix. In 2009, Plaintiffs contacted Defendant to discuss purchasing products that would stop the erosion of a cliff on their property. Defendant's representatives came to

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

Plaintiffs' property, and they inspected the cliff and adjacent shoreline. They told Plaintiffs that if Plaintiffs constructed a Gabion Wall with a McMat slope stabilizer, the erosion would be halted for many years. Plaintiffs then purchased the Gabion Wall materials and McMat slope stabilizer from Defendant, and installed them according to construction drawings provided by Defendant.

In late 2012 and early 2013, Plaintiffs became aware that the bottom layer of the Gabion Wall ("Wall") was deteriorating, undermining the entire Wall. Plaintiffs informed Defendant about the deterioration, and one of Defendant's representatives inspected the site. He told Plaintiffs that the deterioration was likely due to waves hitting the cliff, and that Defendant could sell Plaintiffs a new material to repair the most damaged areas of the Gabion Wall.

By May 2014, a large section of the Wall collapsed due to the deterioration of the bottom layer of the Gabion Wall. The McMat slope stabilizer had also deteriorated by this time. As a result, the cliff continues to erode into the sea, and Plaintiffs must now demolish and replace the existing Wall and McMat slope stabilizer.

In August 2014, Plaintiffs filed suit against Defendant in this Court. Plaintiffs make the following claims: Breach of Contract, Breach of Implied Warranty of Merchantability, Breach of Express Warranty, Breach of Warranty of Fitness for a Particular Purpose, Negligent Misrepresentation, Fraudulent Misrepresentation, Negligence, and Negligent Infliction of Emotional Distress. In March 2015, Defendant moved to dismiss Plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In the alternative, Defendant requested that the Court order Plaintiffs to

provide a more definite statement under Federal Rule of Civil Procedure 12(e). Defendant's Motion is presently before the Court.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.*, 559 F.Supp.2d 484, 491 (D.N.J. 2008). On a facial attack, a court must accept the allegations in the complaint as true. *Mortensen*, 549 F.2d at 891. However, if a defendant controverts the plaintiff's allegations and raises a factual challenge, then the plaintiff's allegations are not presumed to be true. *Id.*; *id.* at 892 n.17. On a factual attack, a court must evaluate the merits of the jurisdictional claims based on the evidence offered by each party. *Id.* at 891.

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court

3

should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Defendant bases its arguments on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the gist of the action doctrine, and the economic loss doctrine. The Court will address each of Defendant's arguments in turn.

### I. Defendant's Arguments Under Federal Rule of Civil Procedure 12(b)(1)

#### A. Plaintiffs' Citizenship

Plaintiffs' complaint states that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Per the requirements of Section 1332, Plaintiffs plead complete diversity of citizenship between the parties, and that the amount in controversy exceeds $75,000. (ECF No. 37 at ¶¶ 1-4). Plaintiffs plead that they are citizens of the United States Virgin Islands, while Defendant is incorporated and has its principle place of business in Maryland. (*Id.* at ¶¶ 3-4).

4

Defendant argues that Plaintiffs have failed to establish complete diversity because they have failed to establish their citizenship in the U.S. Virgin Islands. (Def.'s Br., ECF No. 54 at 4). Defendant offers a number of facts to challenge Plaintiffs' purported citizenship, such as Mr. Weiss' lack of a Virgin Islands driver's license, and the couple's spending significant amounts of time outside of the U.S. Virgin Islands. (*Id.* at 7). Plaintiffs offer their own set of facts to prove their citizenship, including their ownership of property on St. Croix, their payment of utility bills in the U.S. Virgin Islands, and their filing tax returns in the U.S. Virgin Islands. (Pls.' Br., ECF No. 73 at 6).

Since Defendant presents factual evidence challenging Plaintiffs' citizenship, the Court will treat its motion as a factual challenge to our subject matter jurisdiction. *Askew v. Trustees of the Gen. Assembly of the Church of the Lord Jesus Christ of the Apostolic Faith, Inc.*, 776 F. Supp. 2d 25, 28 (E.D. Pa. 2011), *aff'd sub nom. Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413 (3d Cir. 2012). Therefore, the Court will weigh the evidence related to jurisdiction without any presumption in favor of the Plaintiffs' allegations. *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 343 (3d Cir. 2012).

Plaintiffs provide a number of exhibits to prove that they are domiciled in the U.S. Virgin Islands. They also offer an affidavit that attests they have no intention to establish a residency, domicile, or citizenship anyplace other than St. Croix. (ECF No. 73-2). A party's citizenship is established by her domicile, and her intention to always return to that domicile as her "fixed and permanent home." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (citations omitted). While Defendant offers some evidence to

undermine Plaintiffs' assertion that their "fixed and permanent home" is in the U.S. Virgin Islands, Defendant fails to provide any evidence that Plaintiffs are domiciled someplace that would destroy diversity. Defendant offers evidence that shows Plaintiffs have some past and present ties to California and Colorado, but since Defendant appears to be a citizen of Maryland, Plaintiffs' citizenship in California or Colorado would not destroy diversity. Defendant argues that Plaintiffs' ties to multiple states makes them "stateless persons" who may not sue under diversity jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989) (holding that a U.S. citizen domiciled in Venezuela is "stateless" for diversity purposes and therefore destroys complete diversity between the parties). However, all of the cases Defendant cites involve "stateless persons" who are domiciled overseas. (*See* Def.'s Br., ECF No. 54 at 10). The Court is unaware of any case law that holds a party is "stateless" for diversity purposes when they are domiciled within the United States. It is undisputed that Plaintiffs are domiciled within the United States; the parties merely disagree as to where in the United States. Since Plaintiffs provide significant evidence that they are citizens of the U.S. Virgin Islands, and Defendant offers no evidence that Plaintiffs are internationally-domiciled "stateless persons" or citizens of Maryland, the complete diversity requirement of 28 U.S.C. § 1332 is fulfilled. Therefore, Plaintiffs' complaint will not be dismissed on this ground.

### B. The Amount in Controversy

Defendant next makes a factual attack on the amount in controversy requirement mandated by 28 U.S.C. § 1332. Courts "generally accept a party's good faith allegation of the amount in controversy," but if a defendant challenges a plaintiff's allegation, the

plaintiff must produce "sufficient evidence" to show that the amount in controversy requirement is met. *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995). This bar is not a high one for the plaintiff, as a court will only dismiss a case on this basis if "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Id.* (quoting *St. Paul Mercury Indemnity Co. v. Red Cab. Co.*, 303 U.S. 283, 288-89 (1938)).

Plaintiffs allege that the preliminary estimate for the labor required to reconstruct the Gabion Wall is $201,600, well over the jurisdictional requirement of $75,000. (ECF No. 37 at ¶ 1). Plaintiffs provide brief expert opinions that offer a breakdown of the anticipated labor costs, and an explanation for why the existing Gabion Wall is not a suitable solution for stopping the erosion of Plaintiffs' cliff. (ECF Nos. 73-3, 73-4). Defendant counters with its own expert who states that the entire wall does not need to be replaced, but can be repaired for no more than $12,000. (Def.'s Br., ECF No. 54 at 11). Defendant also argues that at most, Plaintiffs are entitled to a $45,001.22 refund for the materials they purchased. (*Id.* at 1). Defendant bases this argument on a one-paragraph warranty attached to its reply brief, which purports to limit Defendant's liability to the purchase price of its products. (ECF No. 115-1). In their sur-reply, Plaintiffs vigorously dispute the validity of this "sham document." (Pls.' Sur-Reply, ECF No. 151 at 9).

While Defendant may be able to successfully introduce the warranty at trial and convince a jury of its validity, given the above assertions, the Court cannot presently say that it is a "legal certainty" that Plaintiffs' damages will be limited by the purported warranty. Nor is it a legal certainty that a jury would believe Defendant's expert instead of Plaintiffs' experts as to the extent of Gabion Wall's damage. Plaintiffs allege damages

7

well over the $75,000 requirement, and they provide sufficient evidence to support their allegations from experts who have examined their cliff and Gabion Wall. Therefore, the Court finds that Plaintiffs are able to satisfy the amount in controversy requirement.

Defendant frames two additional arguments as attacks on the amount in controversy. Defendant asserts that the construction of the Gabion Wall was unlawful because Plaintiffs failed to obtain the necessary permits. (Def.'s Br., ECF No. 54 at 12). Therefore, Defendant argues, the Court may not enforce Plaintiffs' contractual rights, because the Court would be assisting in illegal activity. (*Id.*). Defendant misreads the relevant case law, which merely stands for the proposition that an "illegal contract can never provide the basis for a cause of action." *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 163 (3d Cir. 1995). Defendant does not demonstrate that its agreement with Plaintiffs was illegal, or that the alleged contract required either party to perform an illegal act. The doctrine of illegality therefore has no bearing on this case.

Defendant also argues that the amount in controversy must exclude Plaintiffs' tort claims, because the tort claims are barred by the gist of the action and economic loss doctrines. However, Defendant does not explain why barring Plaintiffs' tort claims would reduce the amount in controversy below $75,000. The thrust of Defendant's argument on this point is that the tort claims are essentially duplicates of the contract claims. (*See* Def.'s Br., ECF No. 54 at 20). But if the tort claims add nothing new to Plaintiffs' complaint, then eliminating the tort claims would not change the amount in controversy. Therefore, the gist of the action and economic loss doctrines are not dispositive on this point.

8

Because Defendant's arguments for dismissal under Federal Rule of Civil Procedure 12(b)(1) are unavailing, Plaintiffs' complaint will not be dismissed for lack of subject matter jurisdiction. The Court will now turn to Defendant's arguments under the common law gist of the action doctrine and economic loss doctrine.

## II. Defendant's Arguments Under the Gist of the Action Doctrine and the Economic Loss Doctrine

The gist of the action doctrine is a common law doctrine that seeks to prohibit tort recovery for contractual breaches. *Addie v. Kjaer*, 737 F.3d 854, 865 (3d Cir. 2013). While a contractual relationship does not prohibit parties from bringing tort claims against one another, the gist of the action doctrine "precludes tort suits for the mere breach of contractual duties unless the plaintiff can point to separate or independent events giving rise to the tort." *Id.* at 866. The doctrine bars tort claims:

(1) arising solely from a contract between the parties;
(2) where the duties allegedly breached were created and grounded in the contract itself;
(3) where liability stems from a contract; or
(4) where the tort claim essentially duplicates a breach of contact claim or the success of which is wholly dependent on the terms of a contract.

*Id.* (citation omitted). The Third Circuit has held that the gist of the action doctrine is applicable in the U.S. Virgin Islands. *Id.*

Defendant argues that the gist of the action doctrine bars Plaintiffs' tort claims because they are duplicative of Plaintiffs' contract claims. Plaintiffs bring four contract claims and four tort claims. While the two sets of claims overlap to some extent, it is not clear at this stage of the proceedings whether the "gist" of Plaintiffs' action sounds in tort or contract. *Weber Display & Packaging v. Providence Washington Ins. Co.*, No. 02-7792, 2003 WL 329141, at *4 (E.D. Pa. Feb. 10, 2003) ("Often times, without further

9

evidence presented during discovery, the court cannot determine whether the gist of the claim is in contract or tort."). Plaintiffs allege that they relied on Defendant's alleged misrepresentations when deciding to purchase the Gabion products, and that these misrepresentations became part of the parties' contract. (Pls.' Compl., ECF No. 37 at ¶¶ 18, 29, 46, 51). Plaintiffs also allege that Defendant owed them certain duties, which Defendant breached. (*Id.* at ¶¶ 53-55).

If Defendant's alleged misrepresentations and duties were ultimately found to be part of the parties' contract, then contract claims would be the appropriate vehicle for relief. If the alleged misrepresentations and duties were not found to be part of the contract, then tort claims would be the appropriate vehicle for relief. If Plaintiffs' contract claims move forward, Plaintiffs' tort claims may ultimately be barred. *See Addie*, 737 F.3d at 866-67 (barring a tort claim under the gist of the action doctrine because the misrepresentation at issue had become part of the parties' contract); *Jodek Charitable Trust, R.A. v. Vertical Net Inc.*, 412 F. Supp. 2d 469, 479-80 (E.D. Pa. 2006) (barring tort claims under the gist of the action doctrine because the defendants' duties were solely created by the parties' agreement). Plaintiffs may pursue their tort claims if their contract claims are ultimately unable to move forward.

At the pleading stage, Plaintiffs are permitted to plead alternative or inconsistent claims under Federal Rule of Civil Procedure 8(d)(2). *Indep. Enterprises Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1175 (3d Cir. 1997) (courts must not construe a plaintiff's first claim as an admission against a later inconsistent claim, particularly where the alternative claims may require in-depth inquiries into the parties' intentions). Plaintiffs are therefore permitted to plead both contract and tort claims, even

10

if some of Plaintiffs' tort claims could eventually be barred by the gist of the action doctrine. At this early stage of the litigation, with the content of the parties' agreement in dispute, it is premature to bar any of Plaintiffs' tort claims based on the gist of the action doctrine.

Defendant additionally argues that Plaintiffs' tort claims should be barred by the economic loss doctrine. The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract." *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) (citation omitted). The economic loss doctrine is closely related to the gist of the action doctrine, and the two doctrines have been used interchangeably at times. *Gratz Coll. v. Synergis Educ. Inc.*, No. 14-6966, 2015 WL 5783682, at *5 (E.D. Pa. Oct. 5, 2015) (collecting cases). As discussed above, it is unclear as to whether Plaintiffs' claims will ultimately sound in contract or tort. Therefore, it is premature to bar any tort claims based on the economic loss doctrine.

### III. Defendant's Arguments Under Federal Rule of Civil Procedure 12(b)(6)

Defendant argues that each of Plaintiffs' eight claims fail under Rule 12(b)(6). The Court will address each count below.

#### A. Count I: Breach of Contract

In the Virgin Islands, the required elements of a breach of contract claim are: "(1) the existence of a contract between the parties; (2) that the defendant breached a material duty imposed by that contract; and (3) that damages resulted from the breach." *George v. V.I. Lottery Comm'n*, No. 2009-006, 2010 WL 5156652, at *3 (V.I. Dec. 6, 2010). Plaintiffs allege: (1) the parties entered into a contract for Defendant to design and sell

11

Gabion products that Plaintiffs would buy and install in order to arrest their cliff's erosion; (2) that Defendant breached the contract by failing to provide materials that could accomplish the goal of the contract; and (3) that as a result, Plaintiffs' cliff continues to erode, and Plaintiffs will be forced to expend a substantial amount of money to remedy the damage and prevent further erosion going forward. (Pls.' Compl., ECF No. 37 at ¶¶ 18-20). Plaintiffs specifically plead each required element; therefore, Count I will not be dismissed under Rule 12(b)(6).

### B. Count II: Breach of Implied Warranty of Merchantability

Under Virgin Islands law, an implied warranty of merchantability exists unless excluded or modified by the parties' agreement. V.I. Code Ann. tit. 11A, § 2-314(1). "To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege that: (1) goods were sold by a merchant; (2) the goods were not merchantable at the time of sale; (3) the plaintiff suffered an injury; (4) the plaintiff's injury resulted from the goods' non-merchantability; and (5) the seller had notice of the injury." *Matos v. Nextran, Inc.*, No. 2008-65, 2009 WL 2477516, at *4 (D.V.I. Aug. 10, 2009). Goods are "merchantable" if they:

> (a) pass without objection in the trade under the contract description; and
> (b) in the case of fungible goods, are of fair average quality within the description; and
> (c) are fit for the ordinary purposes for which such goods are used; and
> (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and
> (e) are adequately contained, packaged, and labeled as the agreement may require; and
> (f) conform to the promises or affirmations of fact made on the container or label if any.

V.I. Code Ann. tit. 11A, § 2-314(2). Plaintiffs allege that the Gabion products "were not fit for the ordinary purposes for which they were intended by Maccaferri and used by the

12

Plaintiffs." (Pls.' Compl., ECF No. 37 at ¶ 23). This falls short of alleging what the "ordinary purposes" of the Gabion products actually were. Since Plaintiffs do not state what the "ordinary purposes" of their Gabion products were, they are unable to claim that the products were not fit for their ordinary purposes, and were consequently not merchantable at the time of sale. Since the products' non-merchantability is a required element of a claim for a Breach of the Implied Warranty of Merchantability, Count II will be dismissed.[2]

### C. Count III: Breach of Express Warranty

An express warranty is created if a seller makes a promise to a buyer regarding the goods at issue, and that promise becomes part of the basis of the parties' bargain. V.I. Code Ann. tit. 11A, § 2-313(1)(a). To state a claim for a breach of express warranty, a plaintiff must allege: "(1) plaintiff and defendant entered into a contract; (2) containing an express warranty by the defendant with respect to a material fact; (3) which warranty was part of the basis of the bargain; and (4) the express warranty was breached by defendant." *MRL Dev. I, LLC v. Whitecap Inv. Corp.*, No. 2013-48, 2014 WL 793132, at *5 (D.V.I. Feb. 26, 2014) (quoting *Matos*, 2009 WL 2477516, at *2). Plaintiffs allege: (1) the parties entered into a contract; (2) Defendant warranted that the Gabion products would last for many years; (3) this warranty was a material basis of their bargain; and (4)

---

[2] This count is dismissed with prejudice because it does not appear that Plaintiffs could plead the missing element. While inconsistent claims are permitted at the pleading stage, as discussed *supra*, an allegation that the ordinary purpose of the Gabion products was to stop erosion in a saltwater environment would appear to undermine Plaintiffs' entire theory of the case. (*See* Pls.' Compl., ECF No. 37 at ¶ 39 (stating that the Gabion products "were not in fact suited to the marine environment and purpose for which they were sold."); *see also* Pls.' Letter from Vitest Engineers, ECF No. 73-3 (stating that "wire mesh gabion baskets are not a suitable application for a salt water environment."))

13

Defendant breached this warranty. (Pls.' Compl., ECF No. 37 at ¶¶ 18, 27-34). Plaintiffs seem to plead an oral agreement along with each other required element; therefore, Count III will not be dismissed under Rule 12(b)(6).

### D. Count IV: Breach of Warranty of Fitness for a Particular Purpose

An implied warranty of fitness for a particular purposes exists if "at the time of contracting [the seller] has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods" unless such warranty is excluded or modified. V.I. Code Ann. tit. 11A, § 2-315. To state a claim for a breach of the implied warranty of fitness for a particular purpose, a plaintiff must allege: "(1) the seller had reason to know the particular purpose for which the buyer required the goods, (2) the seller had reason to know the buyer was relying on the seller's skill or judgment to furnish appropriate goods, and (3) the buyer in fact relied upon the seller's skill or judgment." *Matos*, 2009 WL 2477516, at *4 (citations omitted). Plaintiffs allege: (1) Defendant knew the particular purpose for which Plaintiffs intended to use the Gabion products; (2) Defendant knew Plaintiffs were relying on Defendant's skill to select appropriate products for their project; and (3) Plaintiffs in fact relied on Defendant's skill to select appropriate products. (Pls.' Compl., ECF No. 37 at ¶¶ 36-38). Since Plaintiffs plead each required element, Count IV will not be dismissed under Rule 12(b)(6).

### E. Count V: Negligent Misrepresentation

In the Virgin Islands, a claim for Negligent Misrepresentation requires a plaintiff to plead: "(1) the defendant made a representation that was false; (2) the defendant should have known that the representation was false; (3) the plaintiff relied on the

14

representation; (4) the plaintiff suffered pecuniary loss due to its justifiable reliance on the representation; and (5) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information contained in the representation." *Hodge v. Nat'l Rural Utilities Coop. Fin. Corp.*, No. 13-0032, 2014 WL 1757229, at *6 (D.V.I. Apr. 28, 2014) (citations omitted). Plaintiffs allege: (1) Defendant's representations about the Gabion products were false; (2) Defendant should have known their representations were false; (3) Plaintiffs relied on these representations; and (4) Plaintiffs suffered pecuniary losses due to their justifiable reliance on these representations. (Pls.' Compl., ECF No. 37 at ¶¶ 42-46). Plaintiffs do not plead that Defendant failed to exercise reasonable care or competence in obtaining or communicating the information in their representations about the Gabion products. Therefore, Plaintiffs have failed to plead all of the required elements, and their Negligent Misrepresentation claim will be dismissed. However, since Plaintiffs' complaint suggests that this deficiency could be easily remedied, Count V will be dismissed without prejudice. *See Saleski-Shingara v. VNA Health Sys.*, No. 14-0085, 2014 WL 5702928, at *9 (M.D. Pa. Nov. 5, 2014) (dismissing a claim without prejudice because plaintiff had failed to plead one required element, but there was no indication that the plaintiff would be unable to plausibly plead her claim).

### F. Count VI: Fraudulent Misrepresentation

In the Virgin Islands, a claim for Fraudulent Misrepresentation requires a plaintiff to plead: "(1) a knowing misrepresentation of a material fact, (2) intent by the defendant that the plaintiff would rely on the false statement, (3) actual reliance, and (4) detriment as a result of that reliance." *Hodge*, 2014 WL 1757229, at *6 (citations omitted).

15

Plaintiffs allege: (1) Defendant's representatives knew their representations about the Gabion products were false; (2) Defendant's representatives made these representations with the intention that Plaintiffs rely on them in deciding to purchase the Gabion products; (3) Plaintiffs actually relied on the representations; and (4) Plaintiffs suffered significant economic and property damages as a result of their reliance. (Pls.' Compl., ECF No. 37 at ¶¶ 47-51). Since Plaintiffs plead each required element, Count VI will not be dismissed under Rule 12(b)(6).

### G. Count VII: Negligence

"To state a claim for Negligence in the Virgin Islands, a plaintiff must allege (1) a duty; (2) a breach of that duty; (3) causation; and (4) damages." *Matos*, 2009 WL 2477516, at *5 (citations omitted). Plaintiffs allege: (1) Defendant had multiple duties to Plaintiffs; (2) Defendant breached their duties; (3) these breaches caused damage to Plaintiffs' property; and (4) these damagers were significant. (Pls.' Compl., ECF No. 37 at ¶¶ 52-58). Since Plaintiffs plead each required element, Count VII will not be dismissed under Rule 12(b)(6).

### H. Count VIII: Negligent Infliction of Emotional Distress

The parties cite two different formulations as to what a party must plead to state a claim for Negligent Infliction of Emotional Distress. Both formulations have been used in cases in the District of the Virgin Islands. Defendant argues that the tort requires: (1) that the plaintiffs' safety was endangered; (2) that the plaintiffs suffered some physical harm; and (3) that the physical harm was the result of emotional distress. (Def.'s Br., ECF No. 54 at 29). *See Glasgow v. Veolia Water N. Am. Operating Servs. LLC*, No. 2009-019, 2010 WL 3780966, at *9 n.14 (D.V.I. Sept. 21, 2010); *Benjamin v. Thomas*

*Howell Grp.*, No. 1996-071, 2002 WL 31573004, at *4 (D.V.I. Apr. 22, 2002), *aff'd sub nom. Benjamin v. Gen. Accident Ins. Co. of Puerto Rico*, 90 F. App'x 434 (3d Cir. 2004); *Int'l Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 370 (D.V.I. 1997), *aff'd sub nom. The Int'l Islamic Cmty. of Masjid Baytul-Khaliq, Inc. v. United States*, 176 F.3d 472 (3d Cir. 1999). Plaintiffs argue that the tort only requires: (1) physical harm; and (2) foreseeability. (Pls.' Br., ECF No. 73 at 20). *See Nicholas v. Wyndham Int'l, Inc.*, No. 2001-147, 2007 WL 4201032, at *7 (D.V.I. Nov. 13, 2007). Defendant's formulation has been used more frequently, and the Third Circuit has explicitly said that in the Virgin Islands the tort requires the plaintiffs "have been in danger and have suffered some physical harm as a result of the emotional distress." *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 251 n.13 (3d Cir. 2010). Therefore, the Court will use the formulation cited by Defendant.

Plaintiffs plead: (1) Plaintiffs have suffered physical injuries; and (2) the physical injuries were the result of emotional distress. (Pls.' Compl., ECF No. 37 at ¶ 60). Plaintiffs fail to plead that either Mr. or Mrs. Weiss' safety was ever threatened, or that they had been in danger in any way. Pleading physical harm without any physical danger is insufficient to state a claim for Negligent Infliction of Emotional Distress; therefore, Count VIII will be dismissed.

### IV.    Defendant's Motion for a More Definite Statement

Based on the foregoing, Counts I, III, IV, VI, and VII will not be dismissed. Defendant argues that if Plaintiffs' complaint is not dismissed in its entirety, the Court should order Plaintiffs to replead a more definite statement under Federal Rule of Civil Procedure 12(e). (Def.'s Br., ECF No. 54 at 30-31). A complaint lacks the clarity

required under the Federal Rules when a defendant "would be unable to frame a responsive pleading or determine what factual allegations to respond to." *Belizaire v. Whitecap Inv. Corp.*, No. 2013-66, 2014 WL 4961599, at *3 (D.V.I. Oct. 3, 2014). For example, this Court has found that repleading was required for a complaint that had each "count" associated with a separate defendant, interspersed different facts into each count, and failed to separate the different causes of action into separate paragraphs. *Cavalli v. Port of $ale, Inc.*, No. 2012-09, 2014 WL 642587, at *2-3 (D.V.I. Feb. 19, 2014). The Court held that any complaint "that obscures the material allegations of each claim is deficient." *Id.* at *3.

Plaintiffs' complaint does not obscure the material allegations of each claim, nor does it make it impossible for Defendant to frame a responsive pleading or determine what factual allegations to respond to. The complaint is neatly organized into different sections, including "Jurisdiction and Venue," "The Parties," and "Substantive Allegations." The "Substantive Allegations" section alleges the facts of the complaint in an easy-to-follow narrative. Each count of the complaint highlights additional facts that are relevant to each particular cause of action. Defendant has demonstrated that it is able to frame a responsive pleading to the complaint by crafting a lengthy point-by-point brief in support of its Motion to Dismiss. Therefore, the Court will deny Defendant's request for a more definite statement.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss will be granted in part and denied in part. Count II and Count VIII will be dismissed with prejudice. Count V

will be dismissed without prejudice. Counts I, III, IV, VI and VII will not be dismissed.

Defendant's alternative request for a more definite statement will be denied.

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: 4/11/16